UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
PERMISSION DATA, LLC,

                                                  1:14-cv-07129 (PAE)

                Plaintiff,

       -against-                              ANSWER TO
                                                    COUNTERCLAIMS

NEWSMAX MEDIA, INC.,

                Defendant.
------------------------------------------------------------------------

      Plaintiff Permission Data, LLC ("Permission Data"), for its answer to the counterclaims of defendant Newsmax Media, Inc. ("Newsmax"), alleges, upon knowledge with respect to its own acts and upon information and belief as to all other matters, as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the counterclaims except denies that Permission Data represented itself as the "paradigm of integrity," admits that Permission Data acts with integrity, admits that Newsmax engaged Permission Data to place online surveys in order to acquire novel e mail addresses, denies that the acquired e mail addresses were generated by the same fraudulent practices which Permission Data explicitly disavowed, admits that Newsmax demanded a refund, denies that Permission Data acted in a hypocritical manner and admits that Permission Data commenced a lawsuit against Newsmax because Newsmax failed to honor its contractual obligations to Permission Data.

1

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the counterclaims.

3. Admits the allegations contained in paragraph 3 of the counterclaims and states that Permission Data is a professional marketing company.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the counterclaims except denies that the value of Newsmax' counterclaims exceed $75,000 exclusive of attorneys' fees and costs and states that the value of Permission Data's claims exceeds $75,000 exclusive of attorneys' fees and costs.

5. Admits the allegations contained in paragraph 5 of the counterclaims and states that this Court has personal jurisdiction over all parties because the parties have contractually consented to the personal jurisdiction of this Court.

6. Admits the allegations contained in paragraph 6 of the counterclaims.

7. Denies the allegations contained in paragraph 7 of the counterclaims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the counterclaims.

12. Denies the allegations contained in paragraph 12 of the counterclaims except admits that Permission Data is a marketing company that offers an array of services to a wide clientele including advertisers, agencies and publishers. Permission Data denies the characterization of provisions contained on its website and states that the provision referenced by Newsmax is included within larger content that includes numerous other provisions that supplement, influence and place the quoted provision into proper context. Permission Data respectively refers the Court to its website for a full and complete statement of its contents.

13. Denies the characterization of Permission Data's business contained in paragraph 13 of the counterclaims and admits that Permission Data assists its clients in acquiring customers by serving as an online advertising network, placing its clients' online advertisements on select third-party websites. Permission Data denies that it uses RSS feeds, instant messaging applications or adware and admits that it uses email, but not in connection with Newsmax's campaigns.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the counterclaims.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the counterclaims.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the counterclaims.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the counterclaims except admits that bot technology exists and that bots can distort performance indicators, all of which was well known to Newsmax prior to engaging Permission Data.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the counterclaims.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the counterclaims except denies that Permission Data engaged in any fraud or other misconduct.

22. Denies the allegations contained in heading "B" and paragraph 22 of the counterclaims, denies the characterization of provisions contained on its website and states that provisions referenced by Newsmax are included within a larger content that includes numerous other provisions that supplement, influence and place the quoted provisions into proper context. Permission Data

respectively refers the Court to its website for a full and complete statement of its contents.

    23.    Denies the allegations contained in paragraph 23 of the counterclaims, denies the characterization of provisions contained on its website and states that provisions referenced by Newsmax are included within a larger content that includes numerous other provisions that supplement, influence and place the referenced provisions into proper context.  Permission Data respectively refers the Court to its website for a full and complete statement of its contents.

    24.    Denies the allegations contained in paragraph 24 of the counterclaims, denies the characterization of provisions contained on its website and states that provisions referenced by Newsmax are included within a larger content that includes numerous other provisions that supplement, influence and place the referenced provisions into proper context.  Permission Data respectively refers the Court to its website for a full and complete statement of its contents.

    25.    Denies the allegations contained in heading "C" of the counterclaims and admits the allegations contained in paragraph 25 of the counterclaims

    26.    Denies the allegations contained in paragraph 26 of the counterclaims.

    27.    Denies the allegations contained in paragraph 27 of the counterclaims except admits that Permission Data agreed to charge for new

email addresses, subject to the terms of the insertion orders and the terms and conditions to which the Court is respectfully referred for a true and complete statement of their contents.

28. Denies the allegations contained in paragraph 28 of the counterclaims.

29. Denies the allegations contained in paragraph 29 of the counterclaims except admits that Permission Data characterizes the terms and conditions agreement in the complaint as an agreement, Newsmax signed the terms and conditions agreement in February of 2014 and the terms and conditions agreement is dated December 18, 2013, and refers the Court to the terms and conditions agreement for a true and complete statement of its contents.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the counterclaims except admits that Newsmax launched the Simple Heart Test campaign with Permission data on February 10, 2014 and the insertion order relating to the Simple Heart Test campaign states that it will run until June 30, 2014.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the counterclaims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the counterclaims.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the counterclaims.

34. Denies Newsmax's characterization of Permission Data's obligations contained in paragraph 34 of the counterclaims, admits that the insertion order dated February 10, 2014 is annexed to the counterclaims as Exhibit 4 and contains certain terms and respectfully refers the Court to the insertion order dated February 10, 2014 and the terms and conditions agreement for a true and complete statement of their contents and the parties' rights and obligations.

35. Denies Newsmax's characterization of the parties' rights and obligations contained in paragraph 35 of the counterclaims except admits that Permission Data was to be compensated pursuant to the terms and conditions and the first insertion order and respectively refers the Court to the terms and conditions and the first insertion order for a true and complete statement of their contents and the parties' rights and obligations.

36. Denies the allegations contained in paragraph 36 of the counterclaims except admits that Newsmax and Permission Data were to exchange certain information regarding the campaigns and respectfully refers the Court to the terms and conditions agreement and the insertion orders for a true and complete statement of their contents and the rights and obligations of the parties.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the counterclaims except states that Newsmax represented to Permission Data that the results of the Simple Heart campaign were positive.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the counterclaims except admits that Newsmax paid Permission Data $1,010,978.00 and denies that the payment was solely for the Simple Heart Test campaign.

39. Denies the allegations contained in paragraph 39 of the counterclaims except admits that Newsmax initiated a campaign entitled "Choice for GOP" and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purpose of the "Choice for GOP" campaign.

40. Denies Newsmax's characterization of Permission Data's obligations contained in paragraph 40 of the counterclaims, admits that a copy of the April 8, 2014 insertion order for the Choice for GOP campaign is attached to the counterclaims as Exhibit 5 and respectfully refer the Court to Exhibit 5 and the terms and conditions for a true and complete statement of their contents and the parties' rights and obligations.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the counterclaims except admit that the Choice for GOP survey was created by Newsmax and denies that the survey had only two questions.

42. Denies Newsmax's characterization of the parties' rights and obligations contained in paragraph 42 of the counterclaims except admits that Permission Data was to be compensated pursuant to the terms and conditions and the second insertion order and respectively refers the Court to the terms

and conditions and the second insertion order for a true and complete statement of their contents and the parties' rights and obligations.

43. Denies the allegations contained in paragraph 43 of the counterclaims except admits that Newsmax and Permission Data were to exchange certain information regarding the campaigns and respectfully refers the Court to the terms and conditions agreement and the insertion orders for a true and complete statement of their contents and the rights and obligations of the parties.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the counterclaims except states that Newsmax represented to Permission Data that the results of the Choice for GOP campaign were positive.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the counterclaims except denies that Permission Data made representations regarding the success of the campaigns and admit that Newsmax engaged Permission Data for the following additional campaigns: "Is Obama Hurting the Economy," "Free Book," and "Do you Support the President."

46. Denies the allegations contained in paragraph 46 of the counterclaims except admits that an insertion order dated April 18, 2014 relates to the Is Obama Hurting the Economy campaign, admits that a copy of the insertion order is annexed to the counterclaims as Exhibit 6 and states that the

terms of the Is Obama Hurting the Economy campaign are contained in the April 18, 2014 insertion order and the terms and conditions.

47. Denies the allegations contained in paragraph 47 of the counterclaims except admits that an insertion order dated April 18, 2014 relates to the Free Book campaign, admits that a copy of the insertion order is annexed to the counterclaims as Exhibit 7 and states that the terms of the Free Book campaign are contained in the April 18, 2014 insertion order and the terms and conditions.

48. Denies the allegations contained in paragraph 48 of the counterclaims except admits that an insertion order dated May 16, 2014 relates to the Do You Support the President campaign, admits that a copy of the insertion order is annexed to the counterclaims as Exhibit 8 and states that the terms of the Do You Support the President campaign are contained in the May 16, 2014 insertion order and the terms and conditions.

49. Denies the allegations contained in paragraph 49 of the counterclaims except admits that daily leads were capped until Newsmax raised the cap by notice, admits that Newsmax is obligated to pay Permission Data for leads in accordance with the terms and conditions and respective insertion orders and respectfully refers the Court to the terms and conditions and the insertion orders for a true and complete statement of their contents.

50. Denies the allegations contained in paragraph 50 of the counterclaims and states that Newsmax was responsible for all opt-in processing.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the counterclaims.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the counterclaims.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the counterclaims.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the counterclaims except denies that not clicking or not opening a follow-up e mail constitutes a hard bounce.

55. Denies the allegations contained in paragraph 55 of the counterclaims.

56. Denies the allegations contained in paragraph 56 of the counterclaims except admits that malicious bots may be released by uninterested saboteurs and wannabe hackers and denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Newsmax' alleged investigation.

57. Denies the allegations contained in paragraph 57 of the counterclaims except denies knowledge or information sufficient to form a belief as to the truth of Newsmax' allegation regarding the timing of its alleged investigation.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the counterclaims except

denies the allegations to the extent they suggest wrongdoing on the part of Permission Data.

59. Denies the allegations contained in paragraph 59 of the counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the capabilities of humans and bots.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the counterclaims except admits that on August 1, 2014 a representative of Newsmax contacted Eric O'Neill of Permission Data and requested a refund the $1,010,978 which had been paid by Newsmax to Permission Data for services rendered by Permission Data.

61. Denies the allegations contained in paragraph 61 of the counterclaims except admits that Mr. O'Neill denied all wrongdoing.

62. Denies the allegations contained in paragraph 62 of the counterclaims except admits that Permission Data filed a summons and complaint on August 4, 2014 seeking, among other relief, $274,401.50 due and owing by Newsmax to Permission Data for services rendered.

63. Permission Data repeats and realleges the allegations contained in paragraphs 1 through 62.

64. Denies the allegations contained in paragraph 64 of the counterclaims.

65. Denies the allegations contained in paragraph 65 of the counterclaims.

66. Denies the allegations contained in paragraph 66 of the counterclaims.

67. Denies the allegations contained in paragraph 67 of the counterclaims.

68. Denies the allegations contained in paragraph 68 of the counterclaims.

69. Denies the allegations contained in paragraph 69 of the counterclaims.

70. Permission Data repeats and realleges the allegations contained in paragraphs 1 through 69.

71. Admits the allegations contained in paragraphs 71 of the counterclaims.

72. Admits the allegations contained in paragraph 72 of the counterclaims.

73. Denies Newsmax's characterization of the parties' rights and obligations under the insertion orders and the terms and conditions contained in paragraph 73 of the counterclaims except admits that Newsmax and Permission Data had a contractual relationship and respectfully refers the Court to the insertion orders and the terms and conditions for a true and complete statement of their contents and the parties' rights and obligations.

74. Permission Data admits that the language quoted in paragraph 74 of the counterclaims is contained in the terms and condition and denies Newsmax's characterization of the terms and conditions and states that the

provision referred to by Newsmax is included within a larger document that includes numerous other terms and conditions that supplement, influence and place the parties' respective rights and obligations into proper context. Permission Data respectfully refers the Court to the terms and conditions and the insertion orders for a true and complete statement of their contents and the rights and obligations of the parties.

75. Permission Data admits that the language quoted in paragraph 75 of the counterclaims is contained in the insertion orders and denies Newsmax's characterization of the insertion orders and states that the provision referred to by Newsmax is included within a larger document that includes numerous other terms and conditions and is subject to terms and conditions that supplement, influence and place the parties' respective rights and obligations into proper context. Permission Data respectfully refers the Court to the terms and conditions and the insertion orders for a true and complete statement of their contents and the rights and obligations of the parties.

76. Denies the allegations contained in paragraph 76 of the counterclaims.

77. Denies the allegations contained in paragraph 77 of the counterclaims.

78. Denies the allegations contained in paragraph 78 of the counterclaims.

79. Repeats and realleges the allegations contained in paragraphs 1 through 78.

80. Paragraph 80 of the counterclaims contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Permission Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the counterclaims.

81. Denies the allegations contained in paragraph 81 of the counterclaims.

82. Denies the allegations contained in paragraph 82 of the counterclaims.

83. Denies the allegations contained in paragraph 83 of the counterclaims.

84. Denies the allegations contained in paragraph 84 of the counterclaims.

85. Denies the allegations contained in paragraph 85 of the counterclaims.

86. Denies the allegations contained in paragraph 86 of the counterclaims.

87. Denies the allegations contained in paragraph 87 of the counterclaims.

88. Repeats and realleges the allegations contained in paragraphs 1 through 87.

89. Denies the allegations contained in paragraph 89 of the counterclaims.

90. Denies the allegations contained in paragraph 90 of the counterclaims.

91. Denies Newsmax's characterization of the terms and conditions and states that Newsmax was contractually obligated to dispute Permission Data's invoices within ten business days of its receipt of an invoice or the invoice is deemed final and binding, admits that the language quoted by Newsmax is contained in the terms and conditions, denies Newsmax's characterization of New York law and states that state and federal courts interpreting New York law routinely uphold and enforce provisions similar to the provision contained in the terms and conditions.

92. Denies the allegations contained in paragraph 92 of the counterclaims.

93. Denies the allegations contained in paragraph 93 of the counterclaims except admits that Permission Data was in contact with Newsmax.

94. Denies the allegations contained in paragraph 94 of the counterclaims.

95. Denies the allegations contained in paragraph 95 of the counterclaims.

96. Repeats and realleges the allegations contained in paragraphs 1 through 95

97.     Denies the allegations contained in paragraph 97 of the counterclaims except admits that Newsmax has paid Permission Data $1,010,978.00.

98.     Denies the allegations contained in paragraph 98 of the counterclaims except admits that Permission Data accepted Newsmax's payment.

99.     Denies the allegations contained in paragraph 99 of the counterclaims.

100.    Denies the allegations contained in paragraph 100 of the counterclaims.

101.    Denies the allegations contained in paragraph 101 of the counterclaims

102.    Permission Data denies that Newsmax is entitled to any of the relief it seeks in its prayers for relief.

First Affirmative Defense

103.    The allegations contained in the counterclaims fail to state a claim upon which relief may be granted.

Second Affirmative Defense

104.    Newsmax's counterclaims are barred, in whole or in part, by the applicable principles of waiver, estoppel and ratification.

Third Affirmative Defense

105.    Newsmax's counterclaims are barred, in whole or in part, by the applicable principles of laches.

### Fourth Affirmative Defense

106. At all relevant times, Permission Data acted in good faith in connection with the matters alleged in the counterclaims.

### Fifth Affirmative Defense

107. Newsmax's counterclaims are barred, in whole or in part, by reason of Newsmax's failure to perform pursuant to the agreements applicable to the parties.

### Sixth Affirmative Defense

108. Newsmax's counterclaims are barred, in whole or in part, by its own culpable conduct.

### Seventh Affirmative Defense

109. Newsmax's counterclaims are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense

110. Newsmax's counterclaims are barred, in whole or in part, under the applicable statute of frauds.

### Ninth Affirmative Defense

111. Newsmax's counterclaims are barred, in whole or in part, due to Permission Data's rights of setoff and recoupment.

### Tenth Affirmative Defense

112. Newsmax's counterclaims are barred by reason of failure of a condition precedent.

### Eleventh Affirmative Defense

113.  Newsmax's counterclaims are barred by reason of Newsmax's breach of material terms of the applicable agreements between Newsmax and Permission Data.

### Twelfth Affirmative Defense

114.  Newsmax's counterclaims are barred by reason of Newsmax' failure to plead fraud with particularity.

### Thirteenth Affirmative Defense

115.  Newsmax's counterclaims are barred because Newsmax failed to dispute or otherwise object to the invoices rendered by Permission Data within the time permitted by the applicable agreements between Newsmax and Permission Data.

### Fourteenth Affirmative Defense

116.  Newsmax's counterclaims are barred because its claims for fraud are duplicative of its claims for breach of contract.

### Fifteenth Affirmative Defense

117.  Newsmax's counterclaims are barred, in whole or in part, under the applicable statute of limitations and / or contractual period of limitations.

WHEREFORE, Permission Data respectfully request that this Court enter judgment dismissing the counterclaims with prejudice, awarding its costs, expenses and fees, including reasonable attorneys' fees, incurred in this action

and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 30, 2014

                GREENBERG FREEMAN LLP


            By:  /s/ Sanford H. Greenberg
                Sanford H. Greenberg  (SG 0086)
                110 East 59th Street
                22nd Floor
                New York, New York 10022
                (212) 838-9738

                Attorneys for Plaintiff Permission Data, LLC