# STROOCK

August 17, 2015

James G. Sammataro
Direct Dial: (305) 789-9388
Direct Fax: (305) 416-2888
jsammataro@stroock.com

**Via Electronic Filing & Hand-Delivery**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Centre Street, Room 2104
New York, New York 10007
EngelmayerNYSDChambers@nysd.uscourts.gov

Re:   *Permission Data, LLC v. Newsmax Media, Inc.* / Case No.: 1:14-cv-07129-PAE

Dear Judge Engelmayer:

Permission Data, LLC ("PD") refuses to produce for deposition Eric O'Neill (its Chief Executive Officer) and Vivian Chu (its Marketing Coordinator), both of whom possess knowledge of facts relevant and critical to the lawsuit. Having attempted three (3) times to resolve this issue without motion practice, and facing a discovery deadline of September 9, 2015, Newsmax Media, LLC ("Newsmax") writes this letter to request judicial intervention pursuant to S.D.N.Y. Local Rule 37.2, Paragraph 2C of Your Honor's Individual Practice Rules and Rules 26, 30 and 37(a)(1) of the Federal Rules of Civil Procedure.

A.   **PD wants to call its CEO at trial, but refuses to produce that CEO for a deposition**.

On July 22, 2015, Newsmax requested a date for Mr. O'Neill's deposition. PD ignored the request, then, on August 3, 2015, objected to the request, asserting that his testimony would be "unreasonably cumulative and duplicative." (*See* S. Greenberg 8/3/2015 email to J. Sammataro). In response, and in attempt to test the veracity of PD's representation that Mr. O'Neill did not possess any unique knowledge, Newsmax agreed to withdraw its request to take Mr. O'Neill's deposition *if PD was willing to stipulate that Mr. O'Neill would not testify at trial*. (*See* J. Sammataro 8/10/2015 email to S. Greenberg, attached as **Exhibit 1**). PD rejected Newsmax's offer, revealing its true intention to shield the testimony of a pivotal trial witness.

B.   **PD's CEO Indisputably Possesses Relevant, Unique, and Superior Knowledge**.

Mr. O'Neill is the CEO of PD, a self-described "small .. family owned internet marketing company." [D.E. 28]. There is a plethora of evidence that Mr. O'Neill possesses a unique perspective and superior knowledge of factual issues relevant to this lawsuit, including:

- Mr. O'Neill was one of two PD's representatives who contributed to both PD's initial and

Amended Interrogatory Responses;

- Mr. O'Neill **verified** PD's Amended Interrogatory Responses (his *jurat* page is attached as **Exhibit 2**);

- Mr. O'Neill was identified in PD's Initial Disclosures as possessing "***discoverable*** information in support of [PD's] claims and defenses" and "knowledge regarding contracts, campaign reporting ([PD] and Newsmax), internal technology capabilities, internal processes and protocol, and past experience with vendors." (*See* **Exhibit 3**);

- Mr. O'Neill was identified by Stephanie Wyand, PD's Fed. R. Civ. P. 30(b)(6) corporate representative, as the ***only*** person with personal knowledge on several critical matters, including PD's decision to initiate this action, and certain facets of PD's relationships with the sub-publishers – alleged to be complicit in PD's fraud – that worked on Newsmax's digital ad campaigns (*see e.g.,* Wyand Depo., pp. 291-296, 321; *see also*, the deposition testimony of D. Steidl, Exclusive CPA's President, testifying that he dealt directly with Mr. O'Neil on sensitive issues, p. 202);

- Mr. O'Neill was identified in the sworn testimony of PD's own witness, James Boruff (the account executive who solicited Newsmax's account), as an active participant in PD's weekly sales meetings as well as PD's attempts to salvage the Newsmax account. (*See* Boruff Depo. at pp. 37, 43-44, 193-195);

- Mr. O'Neill, together with Doug O'Neill (his brother and PD's COO), engaged Newsmax's senior management in pre-litigation conversations in which PD made several admissions; and

- Mr. O'Neill was heavily involved – often singularly so – in questioning PD's sub-publishers about Newsmax's claims that the underlying emails were fraudulent and generated by Bot (*i.e.,* non-human) activity. (*See, e.g.,* Mr. O'Neill's 8/7/2014 email to Optimal Fusion's Senior Vice President).

Two additional points undermine PD's refusal to produce Mr. O'Neill. First, to date, Mr. O'Neill has personally attended four (4) depositions, scribbling copious notes and repeatedly conferring with PD's witnesses during the breaks. Mr. O'Neill's voluntary attendance at the out-of-town depositions vitiates any reasoned suggestion of harassment, inconvenience or abuse, or that his CEO responsibilities preclude his availability. Second, as PD refuses to produce its CEO for deposition, PD demands to depose Newsmax's CEO under the logic that Newsmax's CEO participated in Newsmax's marketing meetings. This same logic compels Mr. O'Neill's deposition. PD cannot demand the very discovery that it refuses to provide.[1]

---

[1] Newsmax has not opposed PD's August 10, 2015 request (despite the fact there are less intrusive means to acquire this information and that Mr. Ruddy's personal knowledge is limited), but believes its July 22, 2015 request is entitled to priority.

### C. **PD's Marketing Coordinator Ms. Chu Possesses Relevant Information**.

PD also refused to provide deposition dates for Ms. Chu, again, insisting that Newsmax first articulate the "relevant, non-cumulative or duplicative" topics in which it seeks to question Ms. Chu. Despite being under no obligation to do so, Newsmax complied with PD's request. (*See* J. Sammataro 8/11/2015 email to S. Greenberg, attached as Ex. 1). PD, nonetheless, refused to reconsider its position, despite previously identifying Ms. Chu as likely to possess: "knowledge regarding campaign reporting ([PD] and Newsmax), campaign set up and testing, loading campaigns into CAKE, campaign delivery monitoring, campaign troubleshooting, vendor placements, internal processes and protocol." (*See* Ex. 3). Newsmax wishes to depose Ms. Chu on the *precise* topics in which she is identified to have knowledge. PD's set-up, testing and loading of Newsmax's campaigns onto CAKE (a third-party reporting system) is unquestionably relevant and has not been the subject of prior deposition testimony.

Ms. Chu's possession of relevant knowledge has been furthered by the "corrective" letter PD recently filed with this Court on July 27, 2015, and "clarifying" that – contrary to its prior, repeated representations that it was not in possession of the underlying email addresses (and, therefore, 100% reliant upon Newsmax to detect any fraudulent conduct) [*see* D.E. 34] – PD was, in fact, in possession of the email addresses.[2] In explaining its misstatement, PD provided that "[u]nknown to [PD], Newsmax apparently set up one of its campaigns" in such a manner to permit the capture of the email addresses. Newsmax disputes the veracity of this statement, and would like to depose Ms. Chu, the individual identified by PD as responsible for setting up Newsmax's campaign.

### D. **Newsmax is Well Under the Total of Permitted Depositions**.

Fed. R. Civ. P. 30 expressly permits a party to take up to ten (10) depositions. To date, Newsmax has only deposed two (2) PD employees: Ms. Wyand and Mr. Boruff.[3] A third PD representative, Christopher Ambrosio, PD's former Chief Revenue Officer, is scheduled for deposition on September 1, 2015. Newsmax seeks to compel the fourth and fifth depositions of Mr. O'Neill and Ms. Chu, which would result in its taking of a total of eight (8) depositions – two (2) less that expressly permitted by the Rules of Civil Procedure – in a complex matter, involving multiple third-parties.

Given that they possess indisputably critical information, and are likely to be trial witnesses, PD should be compelled to produce Mr. O'Neil and Ms. Chu for deposition. We thank the Court for its attention to this matter.

Sincerely,

/JGT

James G. Sammataro

---

[2] PD's letter trivializes its prior misrepresentations, suggesting it was a one-time statement ancillary to its prior request to compel, as opposed to the very lynchpin of its defense, repeated at every turn. [*See* D.E. 15, 28; *see also*, 5/4/2015 hearing transcript at p. 17 (PD has "no information" regarding the email addresses)].

[3] Newsmax has also taken/will take three (3) third-party depositions.