```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

PERMISSION DATA, LLC,

      Plaintiff

  - v -

NEWSMAX MEDIA, INC.,

      Defendant

------------------------------------------------------------ X

14 Civ. 7129 (PAE)

*REVISED* CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

   This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined.

4. All fact discovery shall be completed no later than September 28, 2015. Except as expressly outlined in the parties' September 2, 2015 joint letter, no new or additional depositions, subpoenas or discovery requests are permitted.

5. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

  a. All additional requests for production of documents to be served by June 23, 2015.
  b. All additional interrogatory requests, if any, to be served by June 23, 2015.
  c. Depositions to be completed by the close of fact discovery.
  d. Requests to Admit to be served no later than June 23, 2015.

6. All expert discovery shall be completed within forty-five (45) days after an adjudication on any permitted summary judgment motions or, in the event that

the Court declines to permit summary judgment briefing, forty-five (45) days after the Court's order of denial.

7. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing on or before January 15, 2016.

8. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

9. a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    The parties do not intend to engage in an informal exchange of information. Instead the parties will conduct formal discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    The parties propose a settlement conference before a Magistrate Judge, but request the flexibility to alternatively engaged a privately-retained mediator.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed on or before December 16, 2015.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

10. The Final Pretrial Order date is thirty (30) days following the close of expert discovery. By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form

shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is five (5) days.

12. Rule 26(f)(3) items:

   a. The parties will make disclosures pursuant to paragraph 4, above.

   b. The parties currently intend to take discovery with respect to all allegations contained in the complaint, counterclaim, and responses thereto. The parties do not believe discovery should be conducted in phases or limited to particular issues.

   c. The parties agree that readily accessible electronically stored information shall be produced in its native electronic format on one or more computer discs or on other portable electronic media mutually agreed on by the parties. Any such electronic documents shall be produced without any modification in the software file format in which they were created, other than an assignment of a consecutive identification number to each electronic document. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Fed. R. Civ. P. 26(b)(2)(B).

   d. The parties agree that, in the event that a party inadvertently produces a document that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege (an "Inadvertently Produced Document"), it shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind. The producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced

Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document. The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

e.  The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

f.  The parties do not anticipate the need for the court to issue any other orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c) at this time.

Dated:  November 13, 2015
        New York, New York

                                            Respectfully submitted,

**GREENBERG FREEMAN LLP**                   **STROOCK & STROOCK & LAVAN LLP**
*Attorneys for Permission Data, LLC*        *Attorneys for Newsmax Media, Inc.*
110 East 59 Street                          180 Maiden Lane
New York, New York  10022                   New York, New York 10038
Telephone: (212) 838-9738                   Telephone: (212) 806-5400
Facsimile: (212) 838-5032                   Southeast Financial Center
sgreenberg@greenbergfreeman.com             200 South Biscayne Blvd., Suite 3100
                                            Miami, Florida  33131
By:  s/ Sanford H. Greenberg                Telephone: (305) 358-9900
     Sanford H. Greenberg (SG 0086)         Facsimile: (305) 416-2888
                                            jsammataro@stroock.com

                                            By:  s/ James G. Sammataro
                                                 James G. Sammataro
                                                 New York Bar Number: 4937926

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

    13.  [Other] _____

_____
_____
_____
_____
_____
_____

14.  The next Case Management Conference is scheduled for January 28 at 4:00 p.m.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated:   November 13, 2015
         New York, New York